UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY S. SMITH | CIVIL ACTION |
| VERSUS | CASE NO. 17-5990 |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | ERISA CASE |

## COMPLAINT

The Complaint of Jerry S. Smith respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. § 1001, et. seq; 29 U.S.C. § 1132(e)(1)(2).

3. Plaintiff, **Jerry S. Smith**, of lawful age and a resident of Picayune, Mississippi, is a plan participant and beneficiary of an ERISA plan created by his employer, SABIC Innovative Plastics US LLC and an insured participant of a group disability policy issued by Liberty Life Assurance Company of Boston.

4. Defendant, **Liberty Life Assurance Company of Boston** ("Liberty"), is a foreign insurance company authorized and doing business in Louisiana.

5. Liberty issued a group policy insuring the employees of SABIC Innovative Plastics US LLC. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job, or the duties of a suitable alternative occupation, on a fulltime basis and with reasonable continuity. Plaintiff suffers from several serious comorbid ailments, including severe degenerative disk disease with complications, heart disease, aortic heart valve replacement, tendon replacement in hand, osteoarthritis, and depression anxiety secondary to his back pain and heart disease. Plaintiff is disabled under the terms of the disability policy issued by Liberty.

8. Liberty unlawfully denied Plaintiff's claim for benefits that he is entitled to under terms of the disability policy.

9. Plaintiff appealed the denial, but Liberty upheld its previous decision.

10. Liberty's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

11. Liberty has refused to perform a full and fair review, as demonstrated by its failure to address arguments raised in Plaintiff's appeal.

12. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Liberty's denial of benefits and an award of benefits.

13. Liberty has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

14. Liberty has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

15. Liberty has abused its discretion by failing to consider his medical condition in relation to the actual duties of his or any occupation or of the duties of a suitable alternative occupation.

16. Liberty administered Plaintiff's claim with an inherent and structural conflict of interest as Liberty is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Liberty's assets.

17. Liberty chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain high profit margins than if a financially independent third party decided the appeals.

18. As a routine business practice, Liberty uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

19. Liberty's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

20. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

21. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

22. Liberty's denial has required Plaintiff to hire attorneys to represent his in this matter to recover benefits due to his under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

-4-

Respectfully submitted,

/s/James F. Willeford
James F. Willeford (La. 13485)
Reagan L. Toledano (La. 29687)
**Willeford & Toledano**
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
Ph. 504-582-1286; Fax 313-692-5927
Email: jimwilleford@willlefordlaw.com